**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

    Plaintiff,

v.

CASE NO.:

6:14-cv-947-ORL-28 TBS

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, Angus Buchan,
Phillip Jackson, and G. Allen Jackson,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mighty Men of God, Inc. d/b/a Mighty Men, sues Defendants, World Outreach Church of Murfreesboro Tennessee, Incorporated, d/b/a www.mightymenusa.org, d/b/a www.intendministries.org, Intend Ministries, Angus Buchan, Phillip Jackson, and G. Allen Jackson, and alleges:

## INTRODUCTION

1. For over ten years, Plaintiff, Mighty Men, has cultivated and protected the name "Mighty Men," developing it into a nationally-recognized brand in the Christian educational market. Its mission—in large part because of its distinctive name—has come to reflect a national movement embracing the importance of men in upholding family and faith-based values. This movement finds strong support among churches, church conferences, corporations, and individuals who support, patronize, and avail themselves of Mighty Men's services. Mighty Men has taken careful steps to protect its name and identity because its financial well-being depends

upon preserving the unadulterated content of its programs and the message of its educational mission among Mighty Men's patrons.

2.     Mighty Men's name and mission have been damaged by Defendants' misconduct in infringing, misappropriating, stealing, and generally taking in vain the distinctive name "Mighty Men" to develop its own competing nationally-branded religious education business based upon the same name, "Mighty Men," or substantially similar names.  Utilizing glitzy Times Square billboards to promote conferences featuring show business performers, Defendants have packed conferences with attendees eager to pay admission and purchase assorted retail educational products and keepsakes, generating millions of dollars for Defendants.  Defendants so covet Mighty Men's name that they have persisted with their infringement, even though they are aware that Plaintiff's trademarks were granted "incontestable" trademark status by the USPTO for having utilized the distinctive trademarks for over ten years.

3.     As a direct result of Defendants' infringement, Mighty Men's identity and trademarks have been diminished and, in many instances, tarnished, as Mighty Men's patrons have either directed their financial support to Defendants, or withdrawn financial support of Mighty Men altogether because of a perceived association between Mighty Men and Defendants, who are regarded by some traditional faith-based organization as espousing extreme principles in its religious teachings.

4.     While Defendants' coffers have swelled from these money-making efforts, Mighty Men has suffered a substantial loss of financial support.  Whether because of patron confusion, or contempt for a perceived association between Mighty Men and Defendants, the financial impact has been substantial.  Left unabated, Defendants' infringement, which to many bears false witness that Defendants and Mighty Men are one and the same, or even causes reverse confusion in the

2

market that Defendants are really the contenders, and that Plaintiff—the authentic "Mighty Men"—is merely a pretender, will continue to injure Mighty Men.

5.      To preserve its name, identity, and financial well-being, Mighty Men brings this action for damages and injunctive relief.

## JURISDICTION AND VENUE

6.      Plaintiff files this Complaint against Defendants for trademark infringement, false designation and origin, unfair competition, and violations of the Anti-Cybersquatting Protection Act, and related causes of action under the federal Lanham Act, 15 U.S.C. § 1051 *et. seq.*, and Florida law.

7.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

8.      Venue is proper under 28 U.S.C. § 1337, 28 U.S.C. § 1391, and 28 U.S.C. § 1400(a), because Defendants transact business in, or are otherwise subject to, the jurisdiction of the U.S. District Court for the Middle District of Florida.  Defendants offer, promote, and sell services and related products that are the subject of this action in this judicial district and to persons in this judicial district through their websites, such that maintenance of this suit for such acts in this judicial district would not violate due process.

9.      This Court has personal jurisdiction over Defendants under Section 48.193, Florida Statutes, and the Due Process Clause of the Fourteenth Amendment, because Defendants' have directed their infringing activities into Florida and this judicial district.

3

## THE PARTIES

10.    Plaintiff is a Florida corporation having its principal place of business in Orange County, Florida.

11.    Defendant World Outreach Church of Murfreesboro Tennessee, Incorporated is a Tennessee corporation that conducts business in Florida, including this judicial district, and makes unauthorized use in commerce of items and services that infringe Plaintiff's registered trademarks.

12.    Defendant Intend Ministries is a Tennessee non-profit corporation that conducts business in Florida, including this judicial district, and makes unauthorized use in commerce of items and services that infringe Plaintiff's registered trademarks.

13.    Defendant Angus Buchan is an individual who provides educational services featuring religious subject matter throughout the United States in the form of conferences, which he has advertised and promoted under the name "Mighty Men."

14.    Defendant G. Allen Jackson is an individual who is the senior pastor for Defendant World Outreach Church.  He speaks with Defendant Buchan at conferences that have been advertised and promoted under the name "Mighty Men" in the United States.

15.    Defendant Phillip Jackson is an individual who is a pastor for Defendant World Outreach Church.  He is listed as the Registrant for the domain name www.mightymenusa.org. He helped coordinate the Mighty Men USA Conference held in Nashville, Tennessee, on or about November 17, 2013.  He is Defendant G. Allen Jackson's brother.

4

## BACKGROUND AND FACTS

16.    Formed in 2002, Plaintiff has provided Christian educational services to individuals throughout the United States.  Plaintiff focuses its educational services on men, particularly through conferences it holds frequently in many states.

17.    Plaintiff's men's conferences are held under the name "Mighty Men of God," and are marketed using that name and the name "Mighty Men."  Plaintiff considers its "Mighty Men of God" and "Mighty Men" names valuable trademarks and inseparable from the services it provides.

18.    Plaintiff owns the following trademarks registered with the U.S. Patent and Trademark Office (the "Marks"):

   a.    U.S. Trademark Registration No. 3,526,689, for the mark "Mighty Men of God," for educational services, namely, conducting conferences in the field of men's ministry, *see* Exh. 1; and

   b.    U.S. Trademark Registration No. 2,899,732, for the mark "Mighty Men," for educational services, namely conducting conferences in the field of men's ministry, *see* Exh. 2.

19.    At all times relevant, Plaintiff has used the Marks to identify its goods and services to the consuming public.

20.    Plaintiff has expended substantial sums in advertising and promoting its goods under the "Mighty Men" mark.  Its use in commerce of the Marks has been continuous and uninterrupted for over a decade since at least as early as October 30, 2002.

5

21.    Plaintiff has expended substantial sums in advertising and promoting its goods under the "Mighty Men of God" mark. Its use in commerce of the Marks has been continuous and uninterrupted since at least as early as February 17, 2003.

22.    Plaintiff has hosted conferences in seventeen different states, including: Alabama, Arizona, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, North Carolina, Oklahoma, Tennessee, Texas, and Virginia. Plaintiff has hosted these educational conferences at various venues since September 5, 2003, has promoted and advertised them since at least as early as August 2003. Plaintiff has also distributed and sold CDs under the "Mighty Men" mark since at least as early as the filing date of its trademark application, Serial Number 78287311.

23.    Plaintiff owns and has the exclusive right to use the Marks in connection with its goods and services.

24.    Plaintiff owns all right, title, and interest in and to the Marks as used in connection with its goods and services.

25.    Plaintiff has continuously and extensively advertised and promoted the Marks throughout their existence.

26.    Plaintiff's Marks are distinctive. As a result of Plaintiff's extensive use, advertising and promotion of its Marks, the Marks have acquired extensive secondary meaning.

27.    Defendants World Outreach Church, Angus Buchan, and G. Allen Jackson are offering nearly identical services to those offered by Plaintiff. Specifically, these Defendants are conducting educational seminars and conferences in the field of men's ministry. Defendants have offered these services under the identical "Mighty Men" trademark owned by Plaintiff.

6

28. Upon information and belief, Plaintiff alleges that Defendants have coordinated and organized conferences under the name "Mighty Men USA." Specifically, Defendants World Outreach Church, Buchan, and G. Allen Jackson have hosted two conferences in the United States attracting attendees from all over the United States. Each conference required attendees to pay an entry-ticket of at least $20.00. The first conference, held at Middle Tennessee State University's Murphy Center in Murfreesboro, Tennessee, on May 3, 2013, had at least 10,000 attendees. The second conference, held at the Bridgestone Arena in Nashville, Tennessee, on November 17, 2013, had at least 15,000 attendees, and charged attendees $25.00 per person.

29. Defendant World Outreach Church, through its website www.intendministries.org, is also making and distributing various unauthorized items throughout the world, including DVDs and CDs that range in price from $9.99 to $50.00. These items bear the "Mighty Men" mark owned by Plaintiff. These items have caused both a likelihood of confusion and actual confusion in Florida and throughout the United States. *Id.*

30. Defendant World Outreach Church is promoting and advertising the sale of unauthorized products under the name "Mighty Men USA."

31. Defendant Intend Ministries, through its website www.intendministries.org, also is making and distributing various unauthorized items throughout the world, including DVDs and CDs that range in price from $9.99 to $50.00. These items bear the "Mighty Men" mark owned by Plaintiff.

32. Defendant Phillip Jackson is listed as the Registrant of www.mightymenusa.org, through which he is promoting and advertising unauthorized services and products being offered by codefendants under the "Mighty Men" trademark. He is also listed as the registered agent for

7

World Outreach Church and Intend Ministries based on records available online at the Tennessee Secretary of State website.

33.    Plaintiff owns all rights in and to the Marks and Plaintiff's use predates that of Defendants.  As such, Plaintiff is the senior user of the Marks.

34.    Plaintiff owns all statutory and common law rights in and to the Marks.  Plaintiff's rights in the Marks are senior and superior to any rights Defendants may claim in the Marks.

35.    Defendants' unauthorized use of Plaintiff's Marks has caused and is likely to continue to cause both a likelihood of confusion and actual confusion in the marketplace. Defendants' unauthorized use of Plaintiff's Marks constitutes infringement.

36.    Defendants' infringement has caused and is likely to cause confusion regarding the source, sponsorship, and affiliation of their goods and services.

37.    Defendants continue to make unauthorized use of Plaintiff's Marks to promote and advertise their seminars and related products through various websites and through third party websites.

38.    Defendants have willfully infringed Plaintiff's rights, and continue to infringe with no intention to discontinue their infringing use.   They have deliberately attempted to misappropriate the goodwill associated with Plaintiff's Marks.

39.    Plaintiff has no control over the quality of services offered to the public by Defendants that incorporate Plaintiff's Marks, and therefore they have no control over the damage to Plaintiff's valuable goodwill caused by Defendants' unauthorized use of the Marks.

40.    Since Defendants began their infringing use of Plaintiff's Marks, which use is identical to Plaintiff's Marks in almost all respects, Plaintiff has lost substantial sales to Defendants.

8

41. As a result of Defendants' infringement, Plaintiff has suffered damage in the form of reduced sales volume, and actual and likelihood of confusion.

## COUNT I – TRADEMARK INFRINGEMENT

42. This is a cause of action for trademark infringement under 15 U.S.C. § 1114(a).

43. Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

44. Defendants have used and are using Plaintiff's registered Marks in commerce without Plaintiff's consent.

45. Defendants' unauthorized use includes using reproductions, copies, and colorable imitations of Plaintiff's registered Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' goods and services.

46. Defendants' unauthorized use in commerce of Plaintiff's Marks with is likely to cause confusion and mistake, and to deceive the public.

47. Defendants' wrongful acts constitute trademark infringement under 15 U.S.C. § 1114(a).

48. Defendants committed the infringing acts with knowledge that their unauthorized use of Plaintiff's Marks was intended to cause confusion, mistake, and to deceive the public.

49. As a result of Defendants' wrongful acts, Plaintiff has suffered monetary damages, including lost profits, as well as a loss of goodwill.

50. As a result of Defendants' wrongful acts, Plaintiff is entitled to damages in amount to be proven at trial, and injunctive relief.

## COUNT II –FALSE DESIGNATION OF ORIGIN

51.    This is a cause of action for false designation of origin under 15 U.S.C. § 1125(a).

52.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

53.    Defendants have used and are using Plaintiff's registered Marks in commerce without Plaintiff's consent.

54.    Defendants' use in commerce of Plaintiff's Marks in the manner alleged herein is likely to cause confusion and mistake, and to deceive the public into believing that Defendants' goods and services are affiliated, connected, and/or associated with Plaintiff.

55.    Defendants' use in commerce of Plaintiff's Marks in the manner alleged herein is likely to cause confusion and mistake, and to deceive the public into believing that Plaintiff's goods and services are affiliated, connected, and/or associated with Defendant.

56.    Defendants' use in commerce of Plaintiff's Marks is likely to cause confusion, mistake, and to deceive the public into believing that Defendants' goods and services find their origin with, or are sponsored or approved by, Plaintiff.

57.    Defendants committed these unauthorized acts with knowledge that their unauthorized use of Plaintiff's Marks was intended to cause confusion, mistake, and to deceive the public.

58.    As a result of Defendants' wrongful acts, Plaintiff has suffered monetary damages, including lost profits, as well as a loss of goodwill.

59.    As a result of Defendants' wrongful acts, Plaintiff is entitled to damages in amount to be proven at trial, and injunctive relief.

10

## COUNT III – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

60.    This is a cause of action for unfair competition under 15 U.S.C. § 1125(a).

61.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

62.    Defendants have used and are using Plaintiff's registered Marks in commerce without Plaintiff's consent.

63.    Defendants' use of Plaintiff's Marks in commercial advertising or promotion misrepresents the nature, characteristics, qualities, and origin of Defendants' goods, services, and commercial activities, such to confuse or deceive the public into believing Defendants' goods, services, and commercial activities are sponsored or approved by Plaintiff, and/or that Defendants are affiliated with Plaintiff.

64.    Defendants committed these unauthorized acts with knowledge that their unauthorized use of Plaintiff's Marks was intended to cause confusion, mistake, and to deceive the public.

65.    As a result of Defendants' wrongful acts, Plaintiff has suffered monetary damages, including lost profits, as well as a loss of goodwill.

66.    As a result of Defendants' wrongful acts, Plaintiff is entitled to damages in amount to be proven at trial, and injunctive relief.

11

## COUNT IV – UNFAIR COMPETITION UNDER FLORIDA LAW

67.    This is a cause of action for unfair competition under Florida law.

68.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

69.    Defendants' infringing acts constitute unfair competition and unfair and deceptive acts under Florida law, including under the Section 501.204, Florida Statutes.

70.    Defendants' conduct is willful and intentional, and has caused and is continuing to cause injury to Plaintiff.

71.    As a result of Defendants' wrongful acts, Plaintiff is entitled to damages in amount to be proven at trial, and injunctive relief.

## COUNT V – VIOLATION OF THE ANTI-CYBERSQUATTING PROTECTION ACT

72.    This is a cause of action for violation of the Anti-Cybersquatting Protection Act under 15 U.S.C. § 1125(d).

73.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

74.    Defendants have registered, trafficked in, and used the domain names www.mightymenusa.org and www.facebook.com/mightymenusa.

75.    The www.mightymenusa.org and www.facebook.com/mightymenusa domain names are identical and confusingly similar to Plaintiff's registered Marks, which are distinctive.

76.    Defendants have registered, trafficked in, and used the domain names with the bad faith intent to profit from Plaintiff's Marks.

77.    Defendants' conduct is willful and intentional, and has caused and is continuing to cause injury to Plaintiff.

12

78.    As a result of Defendants' wrongful acts, Plaintiff is entitled to damages in amount to be proven at trial, including statutory damages, and injunctive relief.

## COUNT VI – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER SECTION 501.201, FLORIDA STATUTES

79.    This is a cause of action under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes.

80.    Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth in full herein.

81.    Defendants' acts described herein were and are calculated to deceive and do deceive the public into mistakenly believing that Defendants are affiliated, connected, or associated with Plaintiff's goods and services or that Defendants' goods and services originated with or are sponsored by or approved by Plaintiff.

82.    As such, Defendants have intentionally engaged in and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair, deceptive acts or practices in the conduct of trade or commerce in violation of Section 501.204, Florida Statutes, and are so egregious that Plaintiff should be entitled to its fees and costs under Section 501.2105, Florida Statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mighty Men of God, Inc., prays that the Court award the following relief:

A.    Order that Defendants pay to Plaintiff monetary relief under 15 U.S.C. § 1117(a), in an amount equal to Defendants' profits plus damages sustained by Plaintiff, including treble damages, statutory damages, the costs of this action, and attorneys' fees under 15 U.S.C. § 1117(a) and Sections 501.2105 and 501.211, Florida Statutes;

13

B.      Temporarily, pending final adjudication, and permanently enjoin Defendants, their officers, employees and agents, and all persons and entities in active concert or participation with any of them from hosting any conferences under Plaintiff's Marks, including all formative variations thereof, and any mark confusingly similar thereto;

C.      Temporarily, pending final adjudication, and permanently enjoin Defendants, their officers, employees and agents, and all persons and entities in active concert or participation with any of them from using, displaying, advertising, or selling their goods and services under, or otherwise doing business or holding themselves out to the public as offering goods and services under  Plaintiff's Marks, including all formative variations thereof, and any mark confusingly similar thereto;

D.      Order that Defendants transfer the domain names mightymenusa.org and www.facebook.com/mightymenusa, and relinquish all rights, title, and interest in and to those domain names, including all trademark rights and internet traffic to those domain names, and all content therein, Plaintiff;

E.      Order that Defendants remove all YouTube videos and/or references to "Mighty Men USA" from YouTube and any other social media or third party website;

F.      Order that Defendants remove all references to "Mighty Men USA" from their related websites, including www.wochurch.org/ and www.intendministries.org, and;

G.      Any other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Filed:  June 18, 2014.

TUCKER H. BYRD
Florida Bar No. 381632
**BYRD TRIAL GROUP**
**Tucker H. Byrd & Associates, P.A.**
180 North Park Avenue, Suite 2A
Winter Park, FL 32789
(407) 749-0777
TByrd@ByrdTrialGroup.com

**J. NIXON DANIEL, III**
Florida Bar No. 228761
**JOHN R. ZOESCH III**
Florida Bar No. 0045257
**Beggs & Lane L.L.P.**
P.O. Box 12950
Pensacola, FL 32591-2950
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

Attorneys for Plaintiff

15

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,526,689

Registered Nov. 4, 2008

**SERVICE MARK**
**PRINCIPAL REGISTER**

# Mighty Men of God

MIGHTY MEN OF GOD, INC. (FLORIDA COR-
PORATION)
PO BOX 70
ORLANDO, FL 32802

FOR: EDUCATIONAL SERVICES, NAMELY,
CONDUCTING CONFERENCES IN THE FIELD OF
MEN'S MINISTRY, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 2-17-2003; IN COMMERCE 2-17-2003.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,899,732.

SER. NO. 77-326,526, FILED 11-10-2007.

DANNEAN HETZEL, EXAMINING ATTORNEY

EXHIBIT 1

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,899,732
Registered Nov. 2, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## MIGHTY MEN

MIGHTY MEN OF GOD, INC (FLORIDA COR-
PORATION)
PO BOX 70
ORLANDO, FL 32802

FOR: EDUCATIONAL SERVICES, NAMELY,
CONDUCTING CONFERENCES IN THE FIELD OF
MEN'S MINISTRY, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 10-30-2002; IN COMMERCE 11-12-2002.

SER. NO. 78-287,311, FILED 8-14-2003.

FLORENTINA BLANDU, EXAMINING ATTORNEY

EXHIBIT 2