**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO:  6:14-cv-00947-CEM-TBS**

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, ANGUS BUCHAN,
PHILLIP JACKSON, and G. ALLEN JACKSON,

      Defendants.

_____/

---

**DEFENDANTS' MOTION TO DISMISS**

---

Defendants World Outreach Church of Murfreesboro Tennessee, Incorporated ("WOC"),

Intend Ministries ("Intend"), Phillip Jackson and G. Allen Jackson (collectively "Defendants")

hereby move pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss

Plaintiff's Complaint against them because the Defendants are not subject to personal

jurisdiction in the State of Florida.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.**      **FACTUAL BACKGROUND**

WOC is a Tennessee not-for-profit corporation whose principal place of business is

located in Murfreesboro, Tennessee.  See Declarations of G. Allen Jackson and Phillip A.

LEGAL\20637684\1

Jackson (collectively the "Declarations"), at ¶ 4.  WOC is an interdenominational Christian congregation that is devoted to helping people become more fully devoted followers of Jesus Christ, in Murfreesboro, Tennessee, and across the world.  Id., at ¶ 5.  Intend is a Tennessee not-for-profit corporation whose principal place of business is also in Murfreesboro, Tennessee.  Id., at ¶ 6.  Intend was created to take the transforming message of God's Word to where people live – through radio and television broadcasts, as well as other media tools.  Id., at ¶ 7.

Phillip Jackson and G. Allen Jackson are both individuals who reside in Murfreesboro, Tennessee.  Id., at ¶ 1.  G. Allen Jackson serves as senior pastor and Vice President for WOC, and as President of Intend.  Id., at ¶ 2.  Philip A. Jackson serves as associate pastor and Assistant Secretary for WOC, and as Vice President of Intend.  Id.

None of the Defendants operate, conduct, engage in or carry on any business or business ventures in the State of Florida.  Id., at ¶ 8.  None of the Defendants are, or ever have been, registered or licensed to do business in the State of Florida.  Id., at ¶ 9.  None of the Defendants have an office, own any real or personal property, nor do they maintain a telephone number or a bank account in the State of Florida.  Id., at ¶ 10.

None of the Defendants direct any media advertising into the State of Florida, nor engage in any other conduct to intentionally target the State of Florida.  Id., at ¶ 11.  Although WOC and Intend contract with network providers which broadcast sermons in various states across the United States, including the State of Florida, neither WOC nor Intend possess nor exercise any control over the television stations, nor the locations, on which the programs are aired.  Id., at ¶ 12.

Neither one of the two conferences referenced in Plaintiff's Complaint was held in the State of Florida.  Id., at ¶ 13.  The two men's conferences referenced in Plaintiff's Complaint

were held in 2013, and both took place in the State of Tennessee.  Id., at ¶ 14.  Out of the approximately 16,000 total attendees for these two conferences in Tennessee, only one (1) ticket was purchased in the State of Florida.  Id., at ¶ 15.

As it relates to the sale of goods and services offered by WOC and Intend, contacts with the State of Florida are insignificant.  Id., at ¶ 16.  Out of the total sales volume for both WOC and Intend across the United States from 2010 through June 30, 2014, sales from the State of Florida made up less than 0.0006% of the combined total sales.  Id., at ¶ 17.

As it relates to websites operated by WOC and Intend, the websites permit visitors to sign up for email messages, listen to music or sermons, and to purchase various products.  Id., at ¶ 18.  Out of the total sales volume for goods and services offered by WOC and Intend described above, for the years 2010 through June 30, 2014, only 7% took place over the internet.  Id., at ¶ 19.  Of the total internet sales of both WOC and Intend, only approximately 1% came from the State of Florida.  Id., at ¶ 20.

## II.    LAW AND ARGUMENT

When a defendant moves to dismiss for lack of personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction" over the defendant.  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).  The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process.  See Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013).  If personal jurisdiction is established under the state statute, the court must determine whether jurisdiction satisfies the requirements of federal due process.  See Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004).

3

Florida's long-arm statute provides for both general and specific jurisdiction.  See Fla. Stat. §48.193(1)-(2).  General personal jurisdiction exists, under Florida's long-arm statute, when a defendant "is engaged in substantial and not isolated activity within this state … whether or not the claim arises from that activity."  Fla. Stat. §48.193(2).  Specific personal jurisdiction applies to causes of action arising from or related to the defendant's actions within Florida and only as those contacts related to the plaintiff's cause of action.  Fla. Stat. §48.193(1).  Although Florida courts have generally adopted a broad interpretation of the long-arm statute that permits personal jurisdiction over nonresident "defendants committing tortious acts outside the state that cause injury in Florida," Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999), even if jurisdiction were proper under the Florida long-arm statute, a federal court must insure that jurisdiction nonetheless comports with the due process requirements of the Fourteenth Amendment. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1270 (11th Cir. 2002).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments in a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945).  For due process to be satisfied, a defendant, if not present in the forum, must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316 (internal quotations omitted); Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006).

Federal courts also divide personal jurisdiction into the categories of general or specific. "General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated, while specific jurisdiction is founded on a party's

activities in the forum that are related to the cause of action alleged in the complaint." <u>Stubbs</u>, 447 F.3d at 1360 n.3 (internal citations omitted). Under the facts of this case, neither basis for jurisdiction exist.

**A.    Defendants Are Not Subject to General Personal Jurisdiction in Florida.**

General personal jurisdiction applies only if there are "continuous and systematic general business contacts between the defendant and the forum state." <u>Consol. Dev. Corp. v. Sherritt, Inc.</u>, 216 F.3d 1286, 1292 (11th Cir. 2000). As set forth in detail above, none of the Defendants have engaged in any continuous or systematic general business contacts with the State of Florida whatsoever, and Plaintiff's Complaint contains no specific factual allegations to the contrary. Accordingly, Defendants cannot be subject to general personal jurisdiction in the State of Florida.

**B.    Defendants Are Not Subject to Specific Personal Jurisdiction in Florida.**

Where specific jurisdiction is asserted, the inquiry is whether: (1) the plaintiff's claims arise out of or relate to a defendant's contacts with the forum, (2) whether the defendant purposefully availed itself of the privilege of conducting activities within the forum, thus invoking the benefit of the forum state's laws, and (3) whether the exercise of personal jurisdiction is reasonable and fair. <u>Louis Vuitton</u>, 736 F.3d at 1355. "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." <u>Id</u>.

As set forth above, none of the Defendants have engaged in any acts or conduct which could in any manner be construed as personally availing themselves of the privilege of acting in the State of Florida. Further, Plaintiff's Complaint contains no specific factual allegations that

5

establish any connection between its claims in this lawsuit and any actions undertaken by the Defendants in the State of Florida.

To the extent Plaintiff claims that Defendants' operation of a website in this case constitutes purposeful availment by the Defendants targeted at the State of Florida, such an argument is without merit and insufficient to establish jurisdiction. The mere operation of a website alone, even one that is arguably interactive, does not give rise to purposeful availment anywhere the website can be accessed. Louis Vuitton, 736 F.3d at 1357 (citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 453-54 (3d Cir. 2003); see also be2 LLC v. Ivanov, 642 F.3d 555, 558-59 (7th Cir. 2011) (concluding that there was insufficient evidence that the defendant, operator of a dating website which made user accounts freely available, purposefully availed himself of doing business in Illinois); Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 400-1 (4th Cir. 2003) (holding that the Illinois defendant's semi-interactive website alone did not create personal jurisdiction in Maryland because the overall content of the defendant's website had a strongly local character emphasizing its "mission to assist Chicago-area women in pregnancy crises")).

While the law surrounding issues of jurisdiction and the internet continues in its development, in order to find jurisdiction based on the existence of a website, some courts have accepted that a "highly transaction-oriented website" may give rise to personal jurisdiction, referring to a "sliding scale" analysis adopted by a Pennsylvania district court in the case of Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997). The sliding scale analysis assesses the sufficiency of the minimum contacts by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website. Zippo Mfg. Co., 952 F.Supp. at 1124.

6

In order to determine whether personal jurisdiction can be exerted over the Defendants in this case, this Court must look at the nature of Defendants' activity over the internet, and its connection to the forum state, Florida. Simply using a trademark on a website that is accessible equally in all states is not the sort of purposeful availment sufficient to subject a party to jurisdiction in every state where that website can be viewed. See Pebble Beach Co. v. Caddy, 452 F.3d 1151, 1156 (9th Cir. 2006); Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 400 (4th Cir. 2003); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003); Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002); JB Oxford Holdings, Inc. v. Net Trade, Inc., 76 F.Supp.2d 1363, 1367 (S.D. Fla. 1999); Trintec Indus., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) ("Although [plaintiff] has shown that [defendant]'s websites contain some interactive features aimed at transacting business, it is unclear how frequently those features are utilized or, indeed, whether any District residents have ever actually used [defendant]'s website to transact business").

Rather, something more is required to show that the defendant intentionally targeted the forum state. Pebble Beach Co., 453 F.3d at 1158. That "something more" does not exist in this case. "[P]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549-50 (7th Cir. 2004).

No evidence exists in this case that would establish that the Defendants purposefully solicited any business from Florida residents through the use of its websites. No conduct or activity undertaken by the Defendants in Tennessee could by any means reasonably cause

7

Defendants to foresee being haled into a Florida court.  As demonstrated by the Declarations, sales to Florida residents over the past four (4) years have been virtually non-existent, accounting for only 0.0006% of the combined total sales of WOC and Intend across the United States.  Only one (1) ticket was purchased from the State of Florida for either of the two men's conferences held in 2013, which both took place in Tennessee, out of the approximately 16,000 total attendees for both events.

Similarly, the websites at issue are not "highly transaction-oriented" and permit visitors to sign up for email messages, listen to music or sermons, in addition to the purchase of various products.  Only 7% of sales took place over the internet, of which only approximately 1% came from the State of Florida.

## III.    CONCLUSION

Based upon the facts presented by Defendants, and in light of the argument and authority cited above, the Defendants are not subject to personal jurisdiction in the State of Florida.  None of the Defendants have engaged in any acts or conduct which could in any manner be construed as personally availing themselves of the privilege of acting in the State of Florida.  Further, Plaintiff's Complaint contains no specific factual allegations that establish any connection between its claims in this lawsuit and any actions undertaken by the Defendants in the State of Florida.  The operation of a website alone, even one that is arguably interactive, does not give rise to purposeful availment in the State of Florida merely because the website can be accessed there.  Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Complaint based upon the lack of personal jurisdiction

8

LEGAL\20637684\1

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

I hereby certify that undersigned counsel, L. Gino Marchetti, Jr., has conferred with counsel for Plaintiff, Tucker H. Byrd, telephonically, but has been unable to resolve the issues raised in this motion.

**Respectfully submitted,**

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**
2908 Poston Avenue
Nashville, TN 37203-1312
Telephone:  (615) 320-3225
Facsimile:  (615) 320-3244

By ___*s/ L. Gino. Marchetti, Jr.*_____
      L. Gino Marchetti, Jr.
      Tn. Bar. No.: 005562
      Admitted *Pro Hac Vice*
      gmarchetti@tpmblaw.com
      Matthew C. Pietsch
      Tn. Bar No.: 024659
      Admitted *Pro Hac Vice*
      mpietsch@tpmblaw.com

and

**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-4332
Telephone:  (305) 704-5940
Facsimile:  (305) 704-5955

By ___/s/ Raquel Fernandez_____
      Richard M. Dunn
      Fla. Bar. No.: 126953
      rdunn@cozen.com
      Raquel Fernandez
      Fla. Bar. No.: 55069
      rfernandez@cozen.com

*Counsel for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2014, I electronically filed the

foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing

document is being served via ECF notification this day on the attached service list.

By: \_\_\_/s/ Raquel Fernandez_____

## SERVICE LIST

Tucker H. Byrd
TByrd@byrdtrialgroup.com,KLargin@byrdtrialgroup.com,SMcPherson@byrdtrialgroup.com

J. Nixon Daniel , III
jnd@beggslane.com,ch@beggslane.com,dlt@beggslane.com

Scottie McPherson
SMcPherson@ByrdTrialGroup.com

John R. Zoesch , III
jrz@beggslane.com,lch@beggslane.com

10