**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO:  6:14-cv-00947-CEM-TBS

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, ANGUS BUCHAN
PHILLIP JACKSON, and G. ALLEN JACKSON,

      Defendants.

_____/

---

## DECLARATION OF G. ALLEN JACKSON IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

1.     My name is G. Allen Jackson.  I am over the age of eighteen and I reside in Murfreesboro, Tennessee.

2.     I have served as the senior pastor and Vice President for Defendant World Outreach Church of Murfreesboro Tennessee, Incorporated ("WOC") and as President of Defendant Intend Ministries ("Intend").

3.     This declaration is based on my personal knowledge and is offered in support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  I am competent to testify to the statements in this declaration and would so testify if called upon to do so.

4.    WOC is a Tennessee not-for-profit corporation whose principal place of business is located in Murfreesboro, Tennessee.

5.    WOC is an interdenominational Christian congregation that is devoted to helping people become more fully devoted followers of Jesus Christ, in Murfreesboro, Tennessee, and across the world.

6.    Intend is a Tennessee not-for-profit corporation whose principal place of business is also in Murfreesboro, Tennessee.

7.    Intend was created to take the transforming message of God's Word to where people live – through radio and television broadcasts, as well as other media tools.

8.    Neither I, WOC or Intend operate, conduct, engage in or carry on any business or business ventures in the State of Florida.

9.    Neither I, WOC or Intend are, or ever have been, registered or licensed to do business in the State of Florida.

10.    Neither I, WOC or Intend have an office, own any real or personal property, nor do they maintain a telephone number or a bank account in the State of Florida.

11.    Neither I, WOC or Intend direct any media advertising into the State of Florida, nor engage in any other conduct to intentionally target the State of Florida.

12.    Although WOC and Intend contract with network providers which broadcast sermons in various states across the United States, including the State of Florida, neither WOC nor Intend possess nor exercise any control over the television stations, nor the locations, on which the programs are aired.

13.    Neither one of the two conferences referenced in Plaintiff's Complaint was held in the State of Florida.

14.     The two men's conferences referenced in Plaintiff's Complaint were held in 2013, and both took place in the State of Tennessee.

15.     Out of the approximately 16,000 total attendees for these two conferences in Tennessee, I am aware of only one (1) ticket purchased in the State of Florida.

16.     As it relates to the sale of goods and services offered by WOC and Intend, contacts with the State of Florida are insignificant.

17.     Out of the total sales volume for both WOC and Intend across the United States from 2010 through June 30, 2014, sales from the State of Florida made up less than 0.0006% of the combined total sales.

18.     As it relates to websites operated by WOC and Intend, the websites permit visitors to sign up for email messages, listen to music or sermons, and to purchase various products.

19.     Out of the total sales volume for goods and services offered by WOC and Intend described above in Paragraph 17, for the years 2010 through June 30, 2014, only 7% took place over the internet.

20.     Of the total internet sales of both WOC and Intend, approximately 1% came from the State of Florida.

I declare under penalty of perjury the foregoing is true and correct.

Executed this _____ day of September, 2014.

_____
G. ALLEN JACKSON

3