**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.                                                                    CASE NO.:    6:14-cv-947-Orl-28TBS

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, Angus Buchan,
Phillip Jackson, and G. Allen Jackson,

      Defendants.
_____/

**CASE MANAGEMENT REPORT**

      **The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | **30 days after Order on Motion to Dismiss** |
| **Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately]** | **Filed Previously** |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | **2 months after Order on Motion to Dismiss** |
| **Disclosure of Expert Reports**       **Plaintiff:**      **Defendant:** [Court recommends 1 -2 months before discovery deadline to allow expert depositions] | P: 2 months before discovery deadline Ds: 1 month before discovery deadline |

| | |
|---|---|
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **9 months after Order on Motion to Dismiss** |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 5 months or more before trial term begins] | **5 months before trial** |
| **Meeting In Person to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | **10 days before Joint Final Pretrial Statement** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial]** | **6 weeks before trial** |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | **2 months before trial** |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases, trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived) | **5 months after dispositive motions deadline** |
| **Estimated Length of Trial** [trial days] | **5 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation**<br><br>Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory;* Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **14 days after discovery deadline**<br>**Larry Watson, Jr.**<br>**1060 Maitland Center Commons, Suite 440 Maitland, FL 32751** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes ____   No __X__**<br><br>**Likely to Agree in Future ____** |

Recently, the Defendants' filed a Motion to Dismiss based on personal jurisdiction. The parties have agreed to postpone all discovery on the merits and respectfully request two months to conduct limited discovery on the issue of personal jurisdiction. The parties propose that Plaintiff's response to that motion, currently due September 19, 2014, should be due two weeks after the close of personal jurisdiction discovery, which would be on or before December 1, 2014. The parties further agree that Defendants should be allowed fourteen (14) days from the filing of Plaintiff's response in which to file a reply. Should the Court deny the Defendants' motion, the deadlines set forth in this Case Management Report would apply.

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), and pursuant to the Court's Order entered September 11, 2014 authorizing the parties to meet telephonically, a meeting was held by telephone on September 17, 2014,  and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Tucker Byrd | Plaintiff |
| John R. Zoesch III | Plaintiff |
| Gino Marchetti | Defendants |
| Matthew C. Pietsch | Defendants |
| Raquel Fernandez | Defendants |

## II.     Pre-Discovery Initial Disclosures of Core Information Under Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or

3

otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The Parties agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by 30 days after the Court's decision on Defendants' Motion to Dismiss for lack of personal jurisdiction, should the Court deny Defendants' Motion.

The Parties have agreed to exchange the standard disclosures required by Rule 26.

## III.  Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____    no party anticipates the disclosure or discovery of ESI in this case;

_X_  one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

A.    The form or forms in which ESI should be produced.

B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that

---

[1] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

information.

E.      The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.      Any issues relating to preservation of discoverable ESI.

G.      Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H.      Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

None known at this time.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_N/A_   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

 N/A   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

The Parties have reached the following agreement regarding ESI:

The Parties have preliminarily agreed that the documents and electronically stored information shall be produced electronically (e.g., on thumb drives) as image files (e.g., "PDF" or "TIFF") When the image file is produced, the producing party must preserve the integrity of the electronic documents' contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history.   After initial production in image file format is complete, a party must demonstrate particularized need for production of electronically stored information in its native format.

At this early stage, the parties do not know all of the information and ESI that will be requested and relevant to this case.  Nothing agreed to at this state waives any arguments concerning reasonable accessibility, proportionality, undue burden or expense, or any claims that the production could impact their proprietary systems.  Any party may seek relief from agreements reached by the parties by motion directed to the Court at any time upon a showing of good cause and taking into account potential prejudice to the non-moving party by the granting of such relief.  Furthermore, each party may examine the production format in light of the burden it places on the party's proprietary system and in light of the requirements imposed by the Federal Rules of Civil Procedure and applicable case law.  The parties agree that they will produce documents and ESI in accordance with the Federal Rules of Civil Procedure and applicable case law, except as may be specifically agreed otherwise in writing by the parties.

In reaching this agreement, the parties, do not, in any way, waive their rights to seek or object to the production of metadata or particular documents in native format.

**IV.**     **Agreed Discovery Plan for Plaintiffs and Defendants**

The Defendants have filed a motion to dismiss based on a lack of personal jurisdiction. The parties agree that limited discovery regarding personal jurisdiction would greatly assist the Court and the parties to fully assess the merits of the Defendants' motion. The parties respectfully request that the Court grant two months from the entry of the upcoming Scheduling Order to complete limited discovery regarding personal jurisdiction. Within two weeks of the completion of discovery, the Plaintiff will file its response to the Defendants' motion to dismiss.

**A.**     **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X___ Yes

_____ No

Amended Certificate will be filed by _____ (party) on or before _____ (date).

7

**B.      Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

The parties will exchange discovery on CD or DVD.

**C.      Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

For the requested limited discovery regarding personal jurisdiction, the parties proposed to limit discovery as follows:

1.      Depositions: 2 per side

2.      Interrogatories: 15 per side, including sub-parts

3.      Document Requests: The Parties place no advance limits on the number or scope of document request.

4.      Requests to Admit: 15 per side

5.      Supplementation of Discovery: Within 30 days of determination of need to supplement

### D.      Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

The parties shall have until two months after the Court's entry of the Scheduling Order to complete limited discovery regarding personal jurisdiction.

If the Court denies the Defendants' motion to dismiss regarding personal jurisdiction, the parties shall have until nine months after the Court's order on personal jurisdiction to complete merits discovery.

### E.      Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F.      Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.,* 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document

under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties agree that the parties will seek to reach their own agreement regarding the designation of materials as "confidential" and enter into an appropriate stipulated and signed confidentiality agreement.

### G.   Other Matters Regarding Discovery

None at this time.

## V.   Settlement and Alternative Dispute Resolution.

### A.   Settlement

The parties agree that settlement is _____ likely __X__ unlikely   (check one)

The parties request a settlement conference before a United States Magistrate Judge.  _____ yes  __X__ no  _____ likely to request in future.

### B.   Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ yes      \_\_X\_\_ no      \_\_\_\_\_ likely to agree in future

\_\_\_\_\_ Binding                \_\_\_\_\_ Non-Binding

### C.    Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D.    Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution: None at this time.

Date:   September 19, 2014

Signatures of Counsel (with information required by Local Rule 1.05(d)) and Signature of

Unrepresented Parties.

/s/ Tucker H. Byrd
**TUCKER H. BYRD**
Florida Bar No. 381632
**BYRD TRIAL GROUP**
**Tucker H. Byrd & Associates, P.A.**
180 North Park Avenue, Suite 2A
Winter Park, FL 32789
(407) 749-0777
TByrd@ByrdTrialGroup.com

/s/ L. Gino Marchetti, Jr.
**TAYLOR, PIGUE, MARCHETTI &**
**BLAIR, PLLC**
2908 Poston Avenue
Nashville, TN 37203-1312
Telephone: (615) 320-3225
Facsimile: (615) 320-3244
L. Gino Marchetti, Jr.
Admitted *Pro Hac Vice*
gmarchetti@tpmblaw.com
Matthew C. Pietsch
Admitted *Pro Hac Vice*
mpietsch@tpmblaw.com

/s/ John R. Zoesch III
**J. NIXON DANIEL, III**
Florida Bar No. 228761
**JOHN R. ZOESCH III**
Florida Bar No. 0045257
**Beggs & Lane R.L.L.P.**
P.O. Box 12950
Pensacola, FL 32591-2950
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

Attorneys for Plaintiff

/s/ Raquel Fernandez
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-4332
Telephone: (305) 704-5940
Facsimile: (305) 704-5955
Richard M. Dunn
Fla. Bar. No.: 126953
rdunn@cozen.com
Raquel Fernandez
Fla. Bar. No.: 55069
rfernandez@cozen.com

Attorneys for Defendants