<table>
<tr><td></td><td>EXHIBIT 1</td></tr>
</table>

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.                                                                     CASE NO.:    6:14-cv-947-Orl-28TBS

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, Angus Buchan,
Phillip Jackson, and G. Allen Jackson,

      Defendants.

_____/

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANTS, WORLD OUTREACH CHURCH OF MURFREESBORO TENNESSEE, INC., INTEND MINISTRIES, PHILLIP JACKSON, AND G. ALLEN JACKSON

Plaintiff, MIGHTY MEN OF GOD, INC., under Federal Rule of Civil Procedure 34, requests that Defendants, World Outreach Church of Murfreesboro Tennessee, Inc., Intend Ministries, Phillip Jackson, and G. Allen Jackson, produce the following documents to the attention of Tucker H. Byrd, Esq., at the offices of Tucker H. Byrd & Associates, P.A., 180 Park Avenue North, Winter Park, Florida, 32789, within the time prescribed by the Rule.

### I.    DEFINITIONS & INSTRUCTIONS

1.    The term "Plaintiff" refers to Plaintiff, MIGHTY MEN OF GOD, INC., including, its assignors, merged, consolidated or acquired predecessors or successors; divisions, units, and subsidiaries, whether or not wholly-owned; including present and former officers, directors, agents, or employees of any of the foregoing, and including all other persons acting or purporting to act on its behalf; experts, persons consulted concerning any factual matter or

matters of opinion relating to any of the facts or issues involved in this action, and unless privileged, the party's attorney.

2.      The terms "Defendants," "you," or "your," refers to Defendants, World Outreach Church of Murfreesboro Tennessee, Inc., Intend Ministries, Phillip Jackson, and G. Allen Jackson, including, their assignors, merged, consolidated or acquired predecessors or successors; divisions, units, and subsidiaries, whether or not wholly-owned; including present and former officers, directors, agents, or employees of any of the foregoing, and including all other persons acting or purporting to act on their behalf; experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, and unless privileged, the party's attorney.

3.      The term "person" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

4.      The terms "document" or "documents" mean the original and all drafts or copies thereof which are different in any way from the original (whether by interlineation, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded material, correspondence, telegrams, facsimiles, telexes, emails, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs and photographic films, sound recordings, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, computer data files, tapes, electronic media, inputs or

outputs, and other computer-readable records or programs, all electronically stored or created data, whether written, typed, printed, punched, filmed, marked in any way, data or information stored in any form readable or accessible by computer including, but not limited to, magnetic tape storage media, hard disks, hard drives, floppy disks, compact disks, computer tapes, memory and magnetic tapes of any kind, backup copies and "deleted" files on any computer storage devise or media, including the printed output of any such electronic data/communications processing equipment or magnetically stored information, computer memory, optical media, magnetic media, and other physical media on which notations or making of any kind can be affixed whether located on-site or off-site.  All drafts, copies or preliminary materials which are different in any way from the executed or final documents shall be considered to be additional documents as the terms are used herein.

5.     **WARNING:   THIS DISCOVERY REQUEST ENCOMPASSES ALL COMPUTER RECORDS OR FILES ON ANY COMPUTERS, EQUIPMENT, MACHINERY, OR FILES IN YOUR ACTUAL OR CONSTRUCTIVE POSSESSION, CUSTODY, CARE, OR CONTROL.  ACCORDINGLY, EVEN IF A PARTICULAR DOCUMENT WAS DELETED, PURGED, OR ARCHIVED, THIS DOCUMENT REQUEST REQUIRES A DILIGENT SEARCH OF ANY AND ALL COMPUTER RECORDS, HARD DRIVES, DRIVES, DISKS, DISKETTES, FLOPPY DISKS, ZIP DISKS, OR OTHER DATA STORAGE OR OTHER MEDIUM OR FORM ON WHICH ANY DOCUMENT OR ANY INFORMATION REQUESTED HEREIN MIGHT RESIDE OR BE FOUND, SPECIFICALLY INCLUDING ALL BACKUP FILES OR ANY DRIVE CONTAINING ANY BACKUP OR COPY OF ANY DOCUMENTS REQUESTED HEREIN.**

6.	The form of production of any ESI shall be in multi-page TIF format. All Excel spreadsheets shall also be produced in their native file format with metadata intact or in an equally useable format.  If you intend to produce any ESI in a format other than multi-page TIF and native file format, please contact counsel for Plaintiff prior to production of the ESI to discuss an acceptable format for production.

7.	The term "things" means tangible or intangible property not otherwise defined as a document.

8.	The term "copy" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper, pressure sensitive paper, xerography or other means.

9.	The term "communication(s)" shall mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face, or by telephone, mail, e-mail, computer disk, telecopy or facsimile, personal delivery, documents, or otherwise.

10.	The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever would make each request inclusive rather than exclusive in a given request.

11.	The phrase "pertaining or relating" means being connected or associated, or referring to or consisting of something.

12.	The term "produce" means to make available the documents or things requested for inspection and copying, and to separate such documents into the categories set forth in this request.

13.	The term "information" means data of any kind recorded in any language, including machine language and recorded numerically, and in any form of expression.

4

14.     The terms "identify" or "identification" when used in reference to an individual person mean to state his/her full name, present address, if known, and his/her present employment position and business affiliation.  When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such a person is a corporation, partnership, or other organization, and the name, present or last known address, and the principal place of business thereof.  Once any person has been identified properly it shall be sufficient thereafter when identifying that same person to state his/her name only.

15.     The term "Action" refers the lawsuit filed by Plaintiff against Defendants in the United States District Court, Middle District of Florida, Case No. 6:14-cv-947.

## II.     CLAIM OF PRIVILEGE

16.     To the extent that you consider any of the following requests objectionable, respond to so much of each, and each part thereof, which is not objectionable in your view, and separately state that part of each which is objectionable and the ground for each objection.

17.     If you object to any request or part thereof on the basis of a claim of attorney-client, work product, or any other privilege(s), identify the privilege claimed as well and provide the following with respect to each such document statement or communication:

    a.     the date thereof;

    b.     identify all persons present, if an oral communication, or all persons who received a copy of such communication if written; and

    c.     the basis on which the privilege is claimed.

5

### III.    DOCUMENT REQUESTS

1.    Any and all documents that contain, include, or reference the phrase "Mighty Men."

2.    Any and all documents pertaining or relating to the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants in 2013.

3.    Any and all documents pertaining or relating to marketing, advertising, or promotion of the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants in 2013, including any and all websites and versions thereof.

4.    Any and all documents that evidence or identify into which states Defendants marketed, advertised, or promoted the "Mighty Men" or "Mighty Men USA" conferences.

5.    Any and all documents pertaining or relating to attendance at the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants.

6.    Any and all documents pertaining or relating to revenue or profits from the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants.

7.    Any and all documents that identify the states of residence for attendees of the "Mighty Men" or "Mighty Men USA" conferences.

8.    Any and all documents pertaining or relating to sales of goods by Defendants that contain or include the phrase "Mighty Men."

9.    Any and all documents pertaining or relating to the marketing, advertising, or promotion of goods or services by Defendants that contain or include the phrase "Mighty Men."

10.    Any and all communications with Plaintiff, including, but not limited to, Paul Freed and David Freed.

11.    Any and all documents pertaining or relating to Plaintiff.

6

12.     Any and all documents that support the statement in paragraph 15 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that "[o]ut of the approximately 16,000 total attendees for these two conferences in Tennessee, I am aware of only one (1) ticket purchased in the State of Florida."

13.     Any and all documents that support the statement in paragraph 17 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that "[o]ut of the total sales volume for both WOC and Intend across the United States from 2010 through June 30, 2014, sales from the State of Florida made up less than 0.0006% of the combined total sales."

14.     Any and all documents that support the statement in paragraph 19 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that "[o]ut of the total sales volume for goods and services offered by WOC and Intend described above in paragraph 17, for the years 2010 through June 30, 2014, only 7% took place over the internet."

15.     Any and all documents that support the statement in paragraph 20 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that "[o]f the total internet sales of both WOC and Intend, approximately 1% came from the State of Florida."

16.     Any and all documents pertaining or relating to websites (including all current and prior versions) accessible through the domain names www.mightymenusa.org and www.facebook.com/mightymenusa.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2014, I served the foregoing via e-mail to:

| | |
|---|---|
| L. Gino Marchetti, Jr. | Richard M. Dunn |
| Matthew C. Pietsch | Raquel Fernandez |
| Taylor, Pigue, Marchetti & Blair, PLLC | Cozen O'Connor |
| 2908 Poston Avenue | 200 South Biscayne Boulevard, Suite 4410 |
| Nashville, TN 37203-1312 | Miami, Florida 33131-4332 |
| Telephone: (615) 320-3225 | Telephone: (305) 704-5940 |
| Facsimile: (615) 320-3244 | Facsimile: (305) 704-5955 |
| gmarchetti@tpmblaw.com | rdunn@cozen.com |
| mpietsch@tpmblaw.com | rfernandez@cozen.com |

*/s/ Tucker H. Byrd*
**TUCKER H. BYRD**
Florida Bar No. 381632
**BYRD TRIAL GROUP**
**Tucker H. Byrd & Associates, P.A.**
180 North Park Avenue, Suite 2A
Winter Park, FL 32789
(407) 749-0777
TByrd@ByrdTrialGroup.com

**J. NIXON DANIEL, III**
Florida Bar No. 228761
**JOHN R. ZOESCH III**
Florida Bar No. 0045257
**Beggs & Lane R.L.L.P.**
P.O. Box 12950
Pensacola, FL 32591-2950
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

*Attorneys for Plaintiff*

8