EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO: 6:14-cv-00947-CEM-TBS

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, ANGUS BUCHAN,
PHILLIP JACKSON, and G. ALLEN JACKSON,

      Defendants.

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants World Outreach Church of Murfreesboro Tennessee, Incorporated, Intend Ministries, Phillip Jackson and G. Allen Jackson (collectively "Defendants"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and pursuant to the limited issue of jurisdictional discovery as previously agreed by the parties, respond to Plaintiff's First Set of Requests for Production of Documents as follows:

## DOCUMENT REQUESTS

1.      Any and all documents that contain, include or reference the phrase "Mighty Men."

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

2.      Any and all documents pertaining to relating to the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants in 2013.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

3.      Any and all documents pertaining or relating to marketing, advertising, or promotion of the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants in 2013, including any and all websites and versions thereof.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

4.      Any and all documents that evidence or identify into which states Defendants marketed, advertised, or promoted the "Mighty Men" or "Mighty Men USA" conferences.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

5.      Any and all documents pertaining or relating to attendance at the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.  Subject to and without**

waiving these objections, Defendants will produce responsive documents upon the execution by the parties of and subject to the terms of a mutually acceptable Confidentiality Agreement.

6. Any and all documents pertaining or relating to revenue or profits from the "Mighty Men" or "Mighty Men USA" conferences presented or held by Defendants.

RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery. Subject to and without waiving these objections, Defendants will produce responsive documents upon the execution by the parties of and subject to the terms of a mutually acceptable Confidentiality Agreement.

7. Any and all documents that identify the states of residence for attendees of the "Mighty Men" or "Mighty Men USA" conferences.

RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery. Subject to and without waiving these objections, please see Defendant's response to Request No. 5 above.

8. Any and all documents pertaining or relating to sales of goods by Defendants that contain or include the phase "Mighty Men."

RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.

9.    Any and all documents pertaining or relating to the marketing, advertising, or promotion of goods or services by Defendants that contain or include the phrase "Mighty Men."

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

10    Any and all communications with Plaintiff, including, but not limited to, Paul Freed and David Freed.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

11.    Any and all documents pertaining or relating to Plaintiff.

**RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.**

12.    Any and all documents that support the statement in paragraph 15 of G Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that [o]ut of the approximately 16,000 total attendees for these two conferences in Tennessee, I am aware of only one (1) ticket purchased in the State of Florida."

**RESPONSE: Defendants will produce responsive documents upon the execution by the parties of and subject to a mutually acceptable Confidentiality Agreement.**

4

13.     Any and all documents that support the statement in paragraph 17 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1) that [o]ut of the total sales volume for both WOC and Intend across the United States from 2010 through June 30, 2014, sales from the State of Florida made up less than 0.0006% of the combined total sales."

**RESPONSE: Defendants will produce responsive documents upon the execution by the parties of and subject to the terms of a mutually acceptable Confidentiality Agreement.**

14.     Any and all documents that support the statement in paragraph 19 f G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1), that [o]ut of the total sales volume for goods and services offered by WOC and Intend describer above is paragraph 17 for the years 2010 through June 30, 2014, only 7% took place over the internet.

**RESPONSE: Defendants will produce responsive documents upon the execution by the parties of and subject to the terms of a mutually acceptable Confidentiality Agreement.**

15.     Any and all documents that support the statement in paragraph 20 of G. Allen Jackson's Affidavit dated September 4, 2014 (Doc. 23-1) that "[o]f the total internet sales of both WOC and Intend, approximately 1% came from the State of Florida."

**RESPONSE: Defendants will produce responsive documents upon the execution by the parties of and subject to the terms of a mutually acceptable Confidentiality Agreement.**

16.     Any and all documents pertaining or relating to websites (including all current and prior versions) accessible through the domain names www.mightymenusa.org and www.facebook.com/mightymenusa.

RESPONSE: Defendants object to the foregoing request as overly broad, unduly burdensome and beyond the scope of jurisdictional discovery.

Respectfully submitted,

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**
2908 Poston Avenue
Nashville, TN 37203-1312
Telephone: (615) 320-3225
Facsimile: (615) 320-3244

By ____s/ L. Gino. Marchetti, Jr._____
            L. Gino Marchetti, Jr.
            Tn. Bar. No.: 005562
            Admitted *Pro Hac Vice*
            gmarchetti@tpmblaw.com
            Matthew C. Pietsch
            Tn. Bar No.: 024659
            Admitted *Pro Hac Vice*
            mpietsch@tpmblaw.com

and

**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-4332
Telephone: (305) 704-5940
Facsimile: (305) 704-5955

            Richard M. Dunn
            Fla. Bar. No.: 126953
            rdunn@cozen.com
            Raquel Fernandez
            Fla. Bar. No.: 55069
            rfernandez@cozen.com

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2014, the foregoing document is being served via Electronic and U.S. Mail this day on the attached service list.

By: *s/ L. Gino. Marchetti, Jr.*

## SERVICE LIST

Tucker H. Byrd
TByrd@byrdtrialgroup.com,KLargin@byrdtrialgroup.com,SMcPherson@byrdtrialgroup.com

J. Nixon Daniel , III
jnd@beggslane.com,ch@beggslane.com,dlt@beggslane.com

Scottie McPherson
SMcPherson@ByrdTrialGroup.com

John R. Zoesch , III
jrz@beggslane.com,lch@beggslane.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:  6:14-cv-00947-CEM-TBS

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

     Plaintiff,

v.

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, ANGUS BUCHAN
PHILLIP JACKSON, and G. ALLEN JACKSON,

     Defendants.
_____/

## CONFIDENTIALITY AGREEMENT GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

The undersigned parties to this litigation, as evidenced by the signatures of counsel for the parties below, have agreed to preserve and maintain the confidentiality of certain information as set forth below (hereinafter the "Confidentiality Agreement"), given that discovery in this litigation may require production of confidential and proprietary information, and having further determined that a confidentiality agreement is needed to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material entitled to be kept confidential.

1.    This Confidentiality Agreement applies to Plaintiff, Defendants, any additional parties joined in this action, and any third parties required to respond to discovery in this matter

Page 1 of 10

for the sole purpose of facilitating discovery and the conduct of hearings in the above-styled and numbered cause. This Confidentiality Agreement will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing that involves issues related to the enforcement of any provision of this Confidentiality Agreement.

2.      This Confidentiality Agreement shall govern the handling of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information, whether in hard copy or electronic form, including, but not limited to, all copies, excerpts, and summaries thereof (collectively, "Material"), produced, given, or filed by any party or non-party (the "Producing Party") during the course of this action, except that this Confidentiality Agreement shall not apply to any document, testimony, or other information which (a) is already rightfully in a party's or non-party's possession; (b) is or becomes generally available to the public other than as a result of disclosure in violation of this Confidentiality Agreement; or (c) becomes available to a party or non-party other than through this action and not in breach of any other obligations of confidentiality.

3.      All Material produced or exchanged subject to this Confidentiality Agreement in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

4.      A Producing Party may designate as "Confidential" any Material that it believes in good faith to contain a trade secret or sensitive or proprietary commercial, financial, business or personal information. Such Material, when designated in accordance with paragraphs 7-8 below, shall constitute "Confidential Information."

5.    Confidential Information may be disclosed only to:

a.    the directors, officers, partners, members, in-house counsel, and employees of the parties to the litigation;

b.    outside counsel for parties to the litigation and their staffs;

c.    witnesses or potential witnesses who, with respect to documents, are identified on the face of the document as an author, addressee or other recipient, or who can reasonably have been expected to have previously been given access to the Material;

d.    outside experts and consultants retained by the parties, and their employees, whose advice and consultation are being or will be used by any party in connection with the prosecution or defense of this action, including counterclaims or crossclaims, or their preparation for trial of this action;

e.    the Court, other Court personnel and court reporters and videographers employed in connection with the litigation;

f.    personnel involved in the production, reproduction, imaging, organizing, filing, coding, cataloguing, converting, storing, retrieving or review of documents and information, or providing litigation support, in connection with the litigation; and

g.    any other person who is designated by agreement of the parties or by court order in the litigation.

6.    Before a person other than the Court or Court personnel shall receive any Confidential Information, such person shall have received a copy of this Confidentiality

Agreement and shall execute an Acknowledgement of Confidentiality Agreement in the Form of Exhibit "A" attached hereto. The party making the disclosure of Confidential Information shall be responsible for maintaining the executed copies of Exhibit "A."

7.    Confidential Information produced in this action may be designated by any party or parties as such by marking the discovery, item, or page so designated with a stamp stating "Confidential."

8.    Testimony given at the deposition of a party, or a present or former officer, director, employee, agent of a party, an independent expert retained by the attorney for a party for purposes of this litigation, or a third party (which information pertains to a party) may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions of this Confidentiality Agreement. Any party may also designate testimony given at such deposition as "Confidential" by notifying the attorney in charge for each other party, in writing, within twenty (20) days of receipt of the transcript of such deposition, of the specific pages and lines of the transcript which contain Confidential Information which also shall automatically apply to any videotape of such deposition. Designations of deposition testimony shall be of specific pages and lines and, except by agreement of the parties, designation of an entire deposition transcript shall be avoided. Each party shall attach a copy of such designation in a written statement on the face of the transcript and each copy thereof in its possession, custody or control. This shall not prohibit the furnishing of a copy of a deposition transcript to the witness whose deposition was taken. The time periods provided herein may be extended by written agreement of counsel. The time period also may be shortened upon written advance notice by any party of its intent to use portions of a specific deposition transcript in a Court filing, after which any other party shall

have three (3) days to designate specific portions of the deposition as Confidential before the deposition transcript is filed.

9.    Confidential Information shall not be disclosed or used by the receiving party for purposes other than in connection with this lawsuit, except pursuant to such order as the Court or any Court to which the case is transferred to or appealed may issue. If a recipient of Confidential Information pursuant to this Confidentiality Agreement receives a demand, subpoena, notice or other request to produce Confidential Information, or any summaries, notes, memoranda, indices, abstracts, descriptions or representations thereof, from an entity not expressly qualified to receive such information pursuant to this Confidentiality Agreement, the recipient of such request shall immediately inform the Producing Party by providing a copy of the request and any related information, and shall not provide any Confidential Information to the requesting entity until such time as the Producing Party has advised whether they agree to or oppose such disclosure, and if they oppose, until the Producing Party has had a reasonable opportunity to seek and obtain a hearing before this court or other governing body to obtain a final ruling on whether such materials are required to be disclosed in response to the request. Nothing herein, however, shall be construed as requiring anyone covered by this Confidentiality Agreement to disobey any final court order, subject itself to any penalties for noncompliance with any court order or seek any relief from the Court.

10.    The inadvertent or unintentional production of discovery containing confidential or secret information without being designated as Confidential Information at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter. Documents containing

confidential or secret information inadvertently or unintentionally produced without being designated as Confidential Information may be retroactively designated by notice in writing of the designated class of each document by bates number or other appropriate identification and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Such notice of retroactive designation shall be made within ten (10) days of discovery by counsel for the Producing Party that inadvertently failed to designate the document(s) Confidential. To the extent that, prior to such notice, a party receiving the document or information may have disclosed it to persons other than the persons permitted to receive the information pursuant to paragraph 5 above, the party shall not be deemed to have violated the Confidentiality Agreement, but the party shall make reasonable efforts to retrieve any document or information promptly from such person and to limit any further disclosure pursuant to this Confidentiality Agreement. The production by a party herein shall not be deemed a waiver of any right by the Producing Party to object to the admissibility of such document or thing on grounds of relevance, materiality, privilege, or other valid ground of objection. Nothing in this Confidentiality Agreement shall be interpreted as limiting a party's obligation to produce documents, materials, or information in discovery, nor shall this Confidentiality Agreement be interpreted as limiting a party's right to refer to or use Confidential Information at any deposition or hearing subject to the protections herein or other order of the Court.

11.    Any party who produces material or information without intending to waive a claim of privilege does not waive that claim if within ten (10) days after the counsel for the Producing Party actually discovers that privileged material or information has been produced, the Producing Party identifies the material or information produced and states the privilege asserted.

If the privilege is thus asserted, the requesting party must promptly return the specified material or information and any copies.

12.     Any party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation objects at any stage of these proceedings to the designation of any information as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief in the form of an order from the Court, or from any court to which the case is transferred or appealed, specifically removing the Confidential Information from the protection of this Confidentiality Agreement. Designations of information as Confidential shall be made in good faith and any party designating information as Confidential Information shall bear the burden of demonstrating that the information so designated is, in fact, confidential and that good cause exists for the information to be subject to this Confidentiality Agreement. Exceptions to this Confidentiality Agreement may be made by agreement of the parties, and any party may seek an order of the Court or any court to which the case is transferred or appealed modifying this Confidentiality Agreement. This Confidentiality Agreement shall be without prejudice to any party to bring before the Court, or any court to which this case is transferred or appealed, at any time, the question of whether any particular information is or is not, in fact, confidential or secret information.

13.     In the event a party wishes to use the Confidential Information in an affidavit, motion, brief, deposition transcript, memoranda of law, or other paper filed with the Court or any court to which this case is transferred or appealed in this litigation, the party must petition the Court to file said Confidential Information under seal in accordance with the rules of the Court.

Page 7 of 10

The parties agree that they will file under seal only when necessary. To the extent practical, protected information shall be filed in separate papers, so that the remainder of a submission may be freely disseminated. The paper-containing such Confidential Information shall be filed in a sealed envelope or container labeled "CONDITIONALLY UNDER SEAL" and on which shall appear:

    a.    the caption of this litigation;

    b.    a description of the contents of such envelope or container;

    c.    a statement substantially in the following form:

RESTRICTED — THIS ENVELOPE (OR CONTAINER) CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS TO BE DISPLAYED (EXCEPT TO ATTORNEYS-OF-RECORD FOR A PARTY HERETO OR THE COURT) OR REVEALED EXCEPT BY ORDER OF THIS COURT OR CONSENT OF ALL PARTIES

and

    d.    the statement, "the enclosed is subject to a motion or application to file the record under seal."

14.    The Clerk of the Court shall be requested to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Confidential Information by a party to this action.

15.    Any party may ask the Court to hold any proceeding or portion of a proceeding in this cause in camera on the ground that such proceeding will involve or relate to Confidential Information.

16. Within sixty (60) days of the termination of this action and any final appeal(s) thereof, counsel for the parties shall assemble and return to each other all documents, material and portions of deposition transcripts designated as "Confidential" and all copies of same. In lieu of returning such materials, counsel may, within sixty (60) days of the termination of this action and any final appeal(s) thereof, provide written notification confirming that the materials have been destroyed.

17. This Confidentiality Agreement shall not be deemed a waiver of:

    a.    any party's right to object to any discovery requests on any ground;

    b.    any party's right to seek an order compelling discovery with respect to any discovery request;

    c.    any party's right in any proceeding herein to object to the admission of any evidence on any ground;

    d.    any party's right to use its own documents and its own "Confidential" material in its sole and complete discretion; or

    e.    the status of any material as a trade secret.

18. The provisions of this Confidentiality Agreement shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Confidentiality Agreement and to make such amendments and modifications to the Confidentiality Agreement as may be appropriate.

[SIGNATURE PAGE FOLLOWS]

**APPROVED AND AGREED TO BY:**

**TUCKER H. BYRD**
Fla. Bar No. 381632
**Tucker H. Byrd & Associates, P.A.**
180 North Park Avenue, Suite 2A
Winter Park, FL 32789
(407) 749-0777
tbyrd@byrdtrialgroup.com

and

**J. NIXON DANIEL, III**
Fla. Bar No. 228761
**JOHN R. ZOESCH III**
Fla. Bar No. 0045257
**Beggs & Lane R.L.L.P.**
P.O. Box 12950
Pensacola, FL 32591-2950
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

*Counsel for Plaintiff*

**L. GINO MARCHETTI, JR.**
Tn. Bar. No. 005562
Admitted *Pro Hac Vice*
**MATTHEW C. PIETSCH**
Tn. Bar No. 024659
Admitted *Pro Hac Vice*
**Taylor, Pigue, Marchetti & Blair, PLLC**
2908 Poston Avenue
Nashville, TN 37203-1312
(615) 320-3225
gmarchetti@tpmblaw.com
mpietsch@tpmblaw.com

and

**RICHARD M. DUNN**
Fla. Bar No. 126953
**RAQUEL FERNANDEZ**
Fla. Bar No. 55069
**Cozen O'Connor**
200 South Biscayne Boulevard
Suite 4410
Miami, FL 33131-4332
(305) 704-5940
rdunn@cozen.com
rfernandez@cozen.com

*Counsel for Defendants World Outreach*
*Church of Murfreesboro Tennessee,*
*Incorporated, Intend Ministries, Phillip*
*Jackson and G. Allen Jackson*

file its response on or before December 1, 2014, or such other date as the Court establishes in its case management order.

Respectfully submitted this 19th day of September, 2014,

/s/ Tucker H. Byrd
TUCKER H. BYRD
Florida Bar No. 381632
BYRD TRIAL GROUP
Tucker H. Byrd & Associates, P.A.
180 North Park Avenue, Suite 2A
Winter Park, FL 32789
(407) 749-0777
TByrd@ByrdTrialGroup.com

/s/ John R. Zoesch III
J. NIXON DANIEL, III
Florida Bar No. 228761
JOHN R. ZOESCH III
Florida Bar No. 0045257
Beggs & Lane R.L.L.P.
P.O. Box 12950
Pensacola, FL 32591-2950
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

Attorneys for Plaintiff