**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO:  6:14-cv-00947-CEM-TBS**

MIGHTY MEN OF GOD, INC.
a Florida corporation, d/b/a MIGHTY MEN,

      Plaintiff,

v.

WORLD OUTREACH CHURCH OF
MURFREESBORO TENNESSEE,
INCORPORATED, a Tennessee corporation,
d/b/a www.mightymenusa.org,
d/b/a www.intendministries.org,
INTEND MINISTRIES, ANGUS BUCHAN,
PHILLIP JACKSON, and G. ALLEN JACKSON,

      Defendants.
_____/

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

---

Defendants World Outreach Church of Murfreesboro Tennessee, Incorporated, Intend Ministries, Phillip Jackson and G. Allen Jackson (collectively "Defendants") file this Answer to Plaintiff's Complaint:

**INTRODUCTION**

1.     To the extent the statements made in this paragraph are offered as factual allegations in support of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

2.      To the extent the statements made in this paragraph are offered as factual allegations in support of Plaintiff's Complaint, Defendants deny each and every allegation in this paragraph.  Defendants expressly deny any allegations that Plaintiff has suffered, or will suffer harm.  Defendants expressly deny any allegations of infringement, or illegal activity.

3.      To the extent the statements made in this paragraph are offered as factual allegations in support of Plaintiff's Complaint, Defendants deny each and every allegation in this paragraph.  Defendants expressly deny any allegations that Plaintiff has suffered, or will suffer harm.  Defendants expressly deny any allegations of infringement, or illegal activity.

4.      To the extent the statements made in this paragraph are offered as factual allegations in support of Plaintiff's Complaint, Defendants deny each and every allegation in this paragraph.  Defendants expressly deny any allegations that Plaintiff has suffered, or will suffer harm.  Defendants expressly deny any allegations of infringement, or illegal activity.

5.      To the extent the statements made in this paragraph are offered as factual allegations in support of Plaintiff's Complaint, Defendants deny each and every allegation in this paragraph.  Defendants expressly deny any allegations that Plaintiff has suffered, or will suffer harm.  Defendants expressly deny any allegations of infringement, or illegal activity.

## JURISDICTION AND VENUE

6.      Defendants admit that Plaintiff has filed its Complaint, but deny that Plaintiff is entitled to any of the relief requested therein.

7.      Defendant admits that this Court has subject matter jurisdiction over this action. Defendants deny the remainder of each and every allegation in this paragraph, and incorporate by reference Defendants' previously filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

8.    Defendants deny each and every allegation in this paragraph, and incorporate by reference Defendants' previously filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

9.    Defendants deny each and every allegation in this paragraph, and incorporate by reference Defendants' previously filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

## THE PARTIES

10.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny each and every allegation in this paragraph.

11.    Defendants admit that World Outreach Church of Murfreesboro Tennessee, Incorporated ("WOC") is a Tennessee not-for-profit corporation. Defendants deny the remainder of each and every allegation in this paragraph.  Defendants expressly deny any allegations of infringement, or illegal activity.

12.    Defendants admit that Intend Ministries ("Intend") is a Tennessee not-for-profit corporation. Defendants deny the remainder of each and every allegation in this paragraph. Defendants expressly deny any allegations of infringement, or illegal activity.

13.    To the extent that this paragraph is directed to these Defendants, Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

14.    Defendants admit that G. Allen Jackson is the senior pastor of World Outreach Church.  Defendants expressly deny any allegations of infringement, or illegal activity.

15.    Defendants admit that Phillip Jackson is an associate pastor of World Outreach Church.  Defendants expressly deny any allegations of infringement, or illegal activity.

## BACKGROUND AND FACTS

16.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

17.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

18.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

19.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

20.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

21.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

22.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

23.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

24.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

25.     Defendants lack sufficient information to admit or deny the allegations of this paragraph, and therefore deny each and every allegation in this paragraph.

26.     Defendants deny each and every allegation in this paragraph.

27.     Defendants deny each and every allegation in this paragraph.

28.    Defendants admit that WOC hosted a conference at Middle Tennessee State University in Murfreesboro, Tennessee in May 2013, and that Intend hosted a conference at Bridgestone Arena in Nashville, Tennessee in November 2013.  Defendants deny the remainder of each and every allegation in this paragraph.  Defendants expressly deny any allegations of infringement, or illegal activity.

29.    Defendants deny each and every allegation in this paragraph.

30.    Defendants deny each and every allegation in this paragraph.

31.    Defendants deny each and every allegation in this paragraph.

32.    Defendants deny that Philip Jackson is the owner of the identified domain name and/or website, although his name may be listed as the "Registrant" in some public databases. Defendants admit that Philip Jackson is the registered agent for WOC and Intend.  Defendants deny the remainder of each and every allegation in this paragraph.  Defendants expressly deny any allegations of infringement, or illegal activity.

33.    Defendants deny each and every allegation in this paragraph.

34.    Defendants deny each and every allegation in this paragraph.

35.    Defendants deny each and every allegation in this paragraph.

36.    Defendants deny each and every allegation in this paragraph.

37.    Defendants deny each and every allegation in this paragraph.

38.    Defendants deny each and every allegation in this paragraph.

39.    Defendants deny each and every allegation in this paragraph.

40.    Defendants deny each and every allegation in this paragraph.

41.    Defendants deny each and every allegation in this paragraph.

## COUNT I – TRADEMARK INFRINGEMENT

42.    Defendants admit that Count I purports to state a cause of action for trademark infringement under 15 USC § 1114(a), but deny Plaintiff's entitlement to any relief requested therein.

43.    Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

44.    Defendants deny each and every allegation in this paragraph.

45.    Defendants deny each and every allegation in this paragraph.

46.    Defendants deny each and every allegation in this paragraph.

47.    Defendants deny each and every allegation in this paragraph.

48.    Defendants deny each and every allegation in this paragraph.

49.    Defendants deny each and every allegation in this paragraph.

50.    Defendants deny each and every allegation in this paragraph.

## COUNT II – FALSE DESIGNATION OF ORIGIN

51.    Defendants admit that Count II purports to state a cause of action for false designation of origin under 15 U.S.C. § 1125(a), but deny Plaintiff's entitlement to any relief requested therein.

52.    Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

53.    Defendants deny each and every allegation in this paragraph.

54.    Defendants deny each and every allegation in this paragraph.

55.    Defendants deny each and every allegation in this paragraph.

56.    Defendants deny each and every allegation in this paragraph.

6

57.    Defendants deny each and every allegation in this paragraph.

58.    Defendants deny each and every allegation in this paragraph.

59.    Defendants deny each and every allegation in this paragraph.

## COUNT III – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

60.    Defendants admit that Count III purports to state a cause of action for unfair competition under 15 U.S.C. § 1125(a), but deny Plaintiff's entitlement to any relief requested therein.

61.    Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

62.    Defendants deny each and every allegation in this paragraph.

63.    Defendants deny each and every allegation in this paragraph.

64.    Defendants deny each and every allegation in this paragraph.

65.    Defendants deny each and every allegation in this paragraph.

66.    Defendants deny each and every allegation in this paragraph.

## COUNT IV – UNFAIR COMPETITION UNDER FLORIDA LAW

67.    Defendants admit that Count IV purports to state a cause of action for unfair competition under Florida law, but deny Plaintiff's entitlement to any relief requested therein.

68.    Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

69.    Defendants deny each and every allegation in this paragraph.

70.    Defendants deny each and every allegation in this paragraph.

71.    Defendants deny each and every allegation in this paragraph.

## COUNT V – VIOLATION OF THE ANTI-CYBERSQUATTING PROTECTION ACT

72.     Defendants admit that Count V purports to state a cause of action for violation of the Anti-Cybersquatting Protection Act, but deny Plaintiff's entitlement to any relief requested therein.

73.     Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

74.     Defendants deny each and every allegation in this paragraph.

75.     Defendants deny each and every allegation in this paragraph.

76.     Defendants deny each and every allegation in this paragraph.

77.     Defendants deny each and every allegation in this paragraph.

78.     Defendants deny each and every allegation in this paragraph.

## COUNT VI – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER SECTION 501.201, FLORIDA STATUTES

79.     Defendants admit that Count VI purports to state a cause of action under the Florida Deceptive and Unfair Trade Practices Act, but deny Plaintiff's entitlement to any relief requested therein.

80.     Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 41 above, as if set forth in their entirety.

81.     Defendants deny each and every allegation in this paragraph.

82.     Defendants deny each and every allegation in this paragraph.

Each and every allegation not herein specifically admitted or denied is hereby denied as fully as though specifically denied.

Defendants reserve the right to amend and supplement this Answer as appropriate.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's purported "mark" is or has become a generic term and/or has become abandoned as a result of generic usage of this term by the general consuming public.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately police the purported mark and, as a result thereof, Plaintiff has lost its trademark rights in and to the purported "mark" as widespread usage by competitors has caused Plaintiff's purported "mark" to lose any and all distinctiveness as a source identifier such that the purported "mark" has become generic.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited by the doctrines of acquiescence, waiver, estoppel, laches and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's requested relief is barred in its entirety by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims under state law are barred by the doctrine of federal preemption.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because it has suffered no damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for damages and attorney's fees under the Lanham Act are barred to the extent the alleged "mark" at issue does not meet the registration requirements of the Lanham Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of willful and intentional acts—as well as its request for certain damages, including treble damages—are barred in whole or in part because Defendants acted in good faith at all times.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert one or more claims to the extent that it does not have valid trademarks.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, Plaintiff's claim fails as Plaintiff cannot establish "actual damages" within the meaning of this statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim pursuant to the Florida Deceptive and Unfair Trade Practices Act is barred in whole or in part because Plaintiff is not a consumer.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses that may be developed through discovery, or otherwise, in this action.

**WHEREFORE**, Defendants, having fully answered the Complaint filed against them, request that this Court dismiss the claims in Plaintiff's Complaint with prejudice, or in the

alternative request a jury of twelve (12) to try this cause, and that Defendants be awarded their costs, expenses, attorneys' fees and such other relief as the Court may find just and equitable.

## COUNTERCLAIM

World Outreach Church of Murfreesboro Tennessee, Incorporated, Intend Ministries, Phillip Jackson and G. Allen Jackson (collectively "Counter-Plaintiffs"), by and through counsel, for its counterclaim in this action, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Lanham Act,15 U.S.C. § 1119, allege as follows:

1.     World Outreach Church of Murfreesboro Tennessee, Incorporated is a Tennessee not-for-profit corporation whose principal place of business is located in Murfreesboro, Tennessee.

2.     Intend Ministries is a Tennessee not-for-profit corporation whose principal place of business is also in Murfreesboro, Tennessee.

3.     Phillip Jackson is an individual who resides in Rutherford County, Tennessee, and serves as an associate pastor for World Outreach Church of Murfreesboro Tennessee, Incorporated and as Vice President of Intend Ministries.

4.     G. Allen Jackson is an individual who resides in Rutherford County, Tennessee and serves as senior pastor for World Outreach Church of Murfreesboro Tennessee, Incorporated and as President of Intend Ministries.

5.     Upon information and belief, Counter-Defendant Mighty Men of God, Inc. ("MMOG") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Orange County, Florida.

6.     On or about June 18, 2014, MMOG commenced this civil actions against Counter-Plaintiffs.

11

7.     In its Complaint in this action, MMOG claimed to be the owner of U.S. Trademark Registration No. 2,899,732 (the "'732 Registration") and No. 3,526,689 (the "'689 Registration").

8.     In their Answer in this action, Counter-Plaintiffs deny the validity of the '732 and '689 Registrations and deny the validity of the purported "marks" described and claimed therein.

9.     The purported "marks" depicted and described in the '732 and '689 Registrations are, or have become, a generic term that cannot become a "trademark" or a "service mark" within the meaning of 15 U.S.C. § 1127 under any circumstances.

10.     The file wrappers of the '732 and '689 Registrations do not contain evidence sufficient to support any finding or conclusion that the purported "marks" depicted and described in the '732 and '689 Registrations are a trademark or a service mark under the Trademark Act of 1946, as amended.

11.     As a result of extensive third-party use of the purported "marks," the strength of the purported "marks" has become diluted and weak.

12.     As a result of the generic nature of the terms contained in the purported "marks," the strength of the purported "marks" has become diluted and weak.

13.     The religious services offered by the parties are not the kind of services that the public attributes to a single source.

14.     There is not a significant enough overlap or similarity in the parties' advertising, nor a significant overlap in the audience of the media in which the parties advertise, such that a possibility of confusion would result.

15.     Counter-Plaintiffs possessed no conscious intent to capitalize on MMOG's purported business reputation, were not intentionally blind, nor otherwise manifested any improper intent.

16.     The crowded field of religious groups using the same or virtually identical biblical term "Mighty Men" both weakens MMOG's purported "marks" and diminishes the likelihood that consumers would be appreciably confused by Counter-Plaintiffs' alleged use of a similar "mark."

17.     At all relevant time periods herein, MMOG's purported "mark" have become abandoned to generic usage as a result of MMOG's failure to police the marks, so that wide-spread usage among the relevant public has resulted in a relevant public who see many sellers using the same words, terms or designations.

## COUNT I

18.     Counter-Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 17 of the Counterclaim above.

19.     An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether the purported "marks" depicted and described in the '732 and '689 Registrations are protectable as a trademark or a service mark under the Trademark Act of 1946, as amended, or under Florida state statutory or common law.

20.     An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether the '732 and '689 Registrations are valid.

21.      An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether any activity or sales by Counter-Plaintiffs has infringed or is infringing any rights of MMOG in the purported "marks" and described in the '732 and '689 Registrations.

13

22.     Counter-Plaintiffs request that this Court declare, adjudge and decree that Counter-Plaintiffs have not infringed any rights that MMOG may have in the purported "marks" depicted in the '732 Registration and '689 Registrations.

## COUNT II

23.     Counter-Plaintiffs re-allege and incorporate by reference the allegations set forth in Paragraphs 1 through 22 of the Counterclaim above.

24.     An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether the purported "marks" depicted and described in the '732 and '689 Registrations are protectable as a trademark or a service mark under the Trademark Act of 1946, as amended, or under Florida state statutory or common law.

25.     An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether the '732 and '689 Registrations are valid.

26.      An actual controversy exists between Counter-Plaintiffs and MMOG regarding whether any activity or sales by Counter-Plaintiffs has infringed or is infringing any rights of MMOG in the purported "marks" and described in the '732 and '689 Registrations.

27.     Counter-Plaintiffs request that this Court declare, adjudge and decree that the purported "marks" depicted in the '732 and '689 Registrations are not a valid trademark or service mark under federal or Florida state law.

28.     Counter-Plaintiffs request that this Court order cancellation of the '732 and '689 Registrations pursuant to 15 U.S.C. § 1119

14

**WHEREFORE**, premises considered, Counter-Plaintiffs pray and request that this Court:

(i)     Dismiss Plaintiff's Complaint with prejudice;

(ii)    Declare, adjudge and decree that the purported "marks" depicted in the '732 and '689 Registrations are not a valid trademark or service mark under federal or Florida state law;

(iii)   Declare, adjudge and decree that Counter-Plaintiffs have not infringed any rights that MMOG may have in the purported "marks" depicted in the '732 and '689 Registrations;

(iv)    Order cancellation of the '732 and '689 Registrations pursuant to 15 U.S.C. § 1119;

(v)     Award Counter-Plaintiffs their costs, expenses and attorneys' fees as allowed by law; and

(vi)    Award such other and further relief as the Court may deem just and equitable.

**Respectfully submitted,**

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**
2908 Poston Avenue
Nashville, TN 37203-1312
Telephone:  (615) 320-3225
Facsimile:  (615) 320-3244


By  ___*/s/ Raquel M. Fernandez*_____
       L. Gino Marchetti, Jr.
       Tn. Bar. No.: 005562
       Admitted *Pro Hac Vice*
       gmarchetti@tpmblaw.com
       Matthew C. Pietsch
       Tn. Bar No.: 024659
       Admitted *Pro Hac Vice*
       mpietsch@tpmblaw.com

and

**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-4332
Telephone:  (305) 704-5940
Facsimile:  (305) 704-5955

       Richard M. Dunn
       Fla. Bar. No.: 126953
       rdunn@cozen.com
       Raquel Fernandez
       Fla. Bar. No.: 55069
       rfernandez@cozen.com

*Counsel for Defendants*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of April, 2015, the foregoing document is being filed

with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being

served via ECF notification this day on


Mr. Tucker Byrd
Byrd Trial Group
180 North Park Avenue Suite
Winter Park, LF  32789
tbyrd@byrdtrialgroup.com
klargin@byrdtrialgroup.com
smcpherson@byrdtrialgroup.com

J. Nixon Daniel, III
John R. Zoesch, III
Beggs & Lane R.L.L.P
P.O. Box 12950
Pensacola, FL  32591-2950
jnd@beggslane.com
jrz@beggslane.com
ch@beggslane.com
dlt@beggslane.com
lch@beggslane.com


By:   */s/ Raquel M. Fernandez*

17